UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

HELLYN RIGGINS,                          :
                                         :
                                         :
        Plaintiff,                       :
                                         :
v.                                       :   Case No. 3:16-cv-01734 (RNC)
                                         :
TOWN OF BERLIN,                          :
                                         :
        Defendant.                       :


RULING AND ORDER

   Plaintiff Hellyn Riggins, former Director of Development and

Town Planner for the Town of Berlin ("the Town"), brings this

action against the Town under Title VII of the Civil Rights Act

of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., as amended by

the Civil Rights Act of 1991, 42 U.S.C. § 1981, and the

Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen.

Stat. § 42a-60, et seq.  Plaintiff alleges that Thomas Coccomo,

the owner of a local construction company, sexually harassed

her, creating a hostile work environment that the Town failed to

rectify.  In advance of trial, the Town has moved to amend its

answer to add the affirmative defense that plaintiff has failed

to mitigate damages.  The motion is granted for reasons

explained below.

I.

The following facts are undisputed.  In September 2017, plaintiff accepted a job as a town manager in Eagleville, Tennessee and resigned from her position with the Town.  Her Form W-2s show that, at the time of her resignation, she earned approximately $102,000 annually in her position with the Town. She has worked for the Town of Eagleville ("Eagleville") continually since her resignation.  She earned approximately $64,000 annually in 2018 and 2019, approximately $67,000 in 2020, $68,000 in 2021, $73,000 in 2022, and $92,000 in 2023.

At the time of plaintiff's deposition in March 2019, the Town was aware that she remained employed at Eagleville at a lower salary than she earned with the Town.  In August 2024, she produced W-2s for the years 2019-2023 and a paystub from 2024, confirming that she has remained in that position.

II.

At this stage of the case, the Town may amend its answer "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Because leave should be "freely give[n] . . . when justice so requires," id., courts "allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."  AEP Energy Servs. Gas Holding co. v. Bank of Am., N.A., 626 F.3d 699, 725 (2d Cir. 2010) (quoting Block v. First Blood Assocs., 988 F.2d

344, 350 (2d Cir. 1993)).  Prejudice, in this context, means that the proposed amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction."  Block, 988 F.2d at 350. "[M]ere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."  Pasternack v. Shrader, 863 F.3d 162, 174 (2d Cir. 2017) (quoting Block, 988 F.2d at 350).

### III.

Under Title VII, victims of employment discrimination have "the duty to exercise reasonable diligence in mitigating damages by seeking alternative employment."  Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1182 (2d Cir. 1996).  Generally, the employer seeking to avoid or minimize a lost wages award bears the burden of demonstrating that a plaintiff has failed to satisfy her duty to mitigate "by establishing (1) that suitable work existed, and (2) that the employee did not make reasonable efforts to obtain it."  Dailey v. Societe Generale, 108 F.3d 451, 456 (2d Cir. 1997).  However, an employer "is released from the duty to establish the availability of comparable employment if it can prove that the employee made no reasonable efforts to seek such

employment."  Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 54

(2d Cir. 1998).

Plaintiff argues that the Greenway exception does not apply

because she been employed continuously since leaving her

position with the Town.  Courts typically apply the exception

when a plaintiff has not obtained any employment as its

"underlying rationale is that an employer should not be saddled

by a requirement that it show other suitable employment in fact

existed — the threat being that if it does not, the employee

will be found to have mitigated his damages — when the employee,

who is capable of finding replacement work, failed to pursue

employment at all."  Id. (emphasis added).  See Hopkins v. New

England Health Care Employees Welfare Fund, 985 F. Supp. 2d 240,

262 (D. Conn. 2013) (granting summary judgment to defendant on

mitigation issue under Greenway because plaintiff retired rather

than seek any other employment); Press v. Concord Mortg. Corp.,

No. 08 Civ. 9497(PKC)(GWG), 2009 WL 6758998, *5 (S.D.N.Y. Aug.

11, 2010) (plaintiff had been unemployed since termination and

presented no evidence of attempts to seek employment); Broadnax

v. City of New Haven, 415 F.3d 265, 270 (2d Cir. 2005) (employer

did not meet its burden under Greenway of showing that

plaintiff, who remained unemployed post-termination, failed to

seek alternative employment).

Yet, in the Greenway case itself, the plaintiff had worked at a temp agency for six months post-termination.  The Second Circuit held that his former employer nonetheless did not bear the burden of showing the availability of comparable employment because the employment at the temp agency was temporary and "there is no evidence that it followed upon a diligent search for more permanent employment."  Greenway, 143 F.3d at 54. Therefore, plaintiff's employment in Eagleville does not preclude the Town from attempting to rely on the Greenway exception.  Rather, the Town may rely on the exception if, but only if, it can meet its burden of showing that plaintiff has failed to seek alternative employment.  See Broadnax, 415 F.3d at 270 (citing Greenway, 143 F.3d at 55).

Because the Town may attempt to rely on the Greenway exception, the crux of the issue here is the extent to which granting its motion to amend would prejudice the plaintiff.  If the Town successfully establishes that the plaintiff failed to seek alternative employment, it is possible she may be left with no alternative but to show that better paying positions were unavailable.  See Broadnax, 415 F.3d at 270 (citing Greenway, 143 F.3d at 55).  As her opposition notes, the parties did not conduct discovery regarding the availability of such positions and it is likely too late for her to obtain expert testimony.

Therefore, granting the Town's motion for leave to amend does entail a risk of prejudice to the plaintiff.

Assessing this risk is difficult.  The plaintiff remains able to dispute the claim that she did not seek alternate employment.  If, as expected, she testifies that she did seek better paying positions, her testimony may be sufficient to prevent the Town from gaining an unfair advantage under the Greenway exception.  Moreover, internet research may disclose job postings published in recent years on job search platforms. Pursuant to the recently enacted pay transparency law, any post-October 2021 postings for jobs in Connecticut will include applicable salary ranges.  See 2021 Conn. Pub. Acts 21-30.[1]

IV.

Accordingly, the motion for leave to amend is hereby granted.

So ordered this 4th day of November 2024.

/RNC/
Robert N. Chatigny
United States District Judge

---

[1] As discussed at the pretrial conference, it seems likely that any risk of unfairness to either side arising from the Town's procedural lapse can be mitigated if not avoided altogether if issues relating to back pay are ultimately determined by the court.  The parties are encouraged to continue considering and discussing this alternative.